**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Maria Christina HURTADO and
Augustine Aragones, Jr.,
Defendants–Appellants.**

No. 89–2763.

United States Court of Appeals,
Fifth Circuit.

July 5, 1990.

Michael D. Abzug, Brian Q. Robbins, Los Angeles, Cal., for Hurtado.

Earl L. Hanson, Los Angeles, Cal., for Agagones.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for U.S.

Before CLARK, Chief Judge, GEE, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, and BARKSDALE, Circuit Judges.

CLARK, Chief Judge:

## I.

On rehearing *en banc,* this case presents the following issue: On a criminal defendant's motion to suppress evidence obtained in what she alleges was an illegal warrantless search of her home, what standard of proof should be applied to the government's assertion that the defendant consented to the search? The precedent of this circuit indicates that the government must prove the defendant's consent by clear and convincing evidence. We now overrule that precedent and hold that at a suppression hearing, the government is required to prove by a preponderance of the evidence that the defendant gave voluntary and effective consent to the search in question.

## II.

The facts of this case are fully discussed in our panel opinion, 899 F.2d 371 (5th Cir.1990). We briefly summarize the facts here.

On December 2, 1988, federal law enforcement officers, acting on information gained through a separate investigation, sought to search Maria Hurtado's home for illegal drugs. Because the officers did not have a warrant, they sought permission from Hurtado to search the premises. After being read a consent-to-search form in Spanish, which Hurtado understood more easily than English, Hurtado consented to the search. When the officers asked whether there was any cocaine in the house, Hurtado pointed to a closet which the officers found to contain 100 kilograms of cocaine. Three more kilograms were found in a bedroom of the house. The officers read Hurtado her *Miranda* warnings and arrested her.

Hurtado was indicted for conspiracy to possess over five kilograms of cocaine with the intent to distribute, aiding and abetting the possession of cocaine, and aiding and abetting money laundering. On her motion to suppress the admission into evidence of the cocaine found in her home, Hurtado alleged that her consent to the search had been involuntary. The district court denied her motion, finding that the government had proved by a preponderance of the evidence the voluntariness of Hurtado's consent. Hurtado was convicted and was sentenced to 180 months' imprisonment, five years' supervised release, and a $150 special assessment.

On appeal, Hurtado claimed that her limited education, her limited knowledge of English and of her constitutional rights, and the federal officer's poor translation of the consent-to-search form combined to render her consent involuntary and ineffective. Reviewing the district court's decision under the "clearly erroneous" standard as a finding of fact, *see United States v. Gonzales,* 842 F.2d 748, 754 (5th Cir. 1988), we held that the district court had erred by applying the preponderance of the evidence standard to the government's proof at the suppression hearing. We stated: "Under the controlling decisions of this circuit, the government must prove by clear and convincing evidence that consent to search was freely and voluntarily obtained." 899 F.2d at 374, *citing Gonzales,* 842 F.2d at 754; *United States v. Andrews,* 746 F.2d 247, 249 (5th Cir.1984), *cert. denied,* 471 U.S. 1021, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985); *United States v. Parker,* 722 F.2d 179, 182 (5th Cir.1983).

The panel opinion recognized, however, that "[t]he United States Supreme Court has indicated that the voluntariness of an individual's consent to search need only be proven by a preponderance of the evi-

**76**

dence." 899 F.2d at 374; *citing United States v. Matlock*, 415 U.S. 164, 177 & n. 14, 94 S.Ct. 988, 996, & n. 14, 39 L.Ed.2d 242 (1974); *Bourjaily v. United States*, 483 U.S. 171, 176, 107 S.Ct. 2775, 2779, 97 L.Ed.2d 144 (1987). Lacking the authority to overrule circuit precedent, the panel vacated Hurtado's conviction and remanded to the district court for a redetermination of the issues raised at the suppression hearing under the clear and convincing standard. The court then voted to rehear this issue en banc. 899 F.2d 371, 377.

### III.

Since 1972, the Supreme Court has stated that the preponderance of the evidence standard supplies the burden which the government must carry to defeat a defendant's motion to suppress evidence when the motion concerns the voluntariness of a confession, *Lego v. Twomey*, 404 U.S. 477, 482–89, 92 S.Ct. 619, 623–26, 30 L.Ed.2d 618 (1972), the voluntariness of a consent to a warrantless search, *United States v. Matlock*, 415 U.S. 164, 177 n. 14, 94 S.Ct. 988, 996 n. 14, 39 L.Ed.2d 242 (1974), the inevitable discovery of evidence, *Nix v. Williams*, 467 U.S. 431, 444 n. 5, 104 S.Ct. 2501, 2509 n. 5, 81 L.Ed.2d 377 (1984), or the waiver of *Miranda* rights, *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 523, 93 L.Ed.2d 473 (1986).

In conformity with the rationale announced by the Supreme Court, we overrule our previous decisions requiring the government at a suppression hearing to prove voluntariness by clear and convincing evidence. "[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence." *United States v. Matlock*, 415 U.S. 164, 177 n. 14, 94 S.Ct. 988, 996 n. 14, 39 L.Ed.2d 242 (1974).

### IV.

The cause is remanded to the panel for disposition in light of this opinion.