UNITED STATES of America,
Plaintiff–Appellee,

v.

Maria Christina HURTADO and
Augustine Aragones, Jr.,
Defendants–Appellants.

No. 89–2763
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 1990.

Michael D. Abzug, Brian Q. Robbins, Los Angeles, Cal., for Maria Hurtado.

Earl L. Hanson, Los Angeles, Cal., for Augustine Aragones.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for the U.S.

Before CLARK, Chief Judge,
WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

The facts of this case are discussed in the original panel opinion, 899 F.2d 371 (5th Cir.1990) and in the opinion of the en banc court, 905 F.2d 74 (5th Cir.1990). The district court analyzed the facts of Hurtado's case and held that, viewed under a preponderance of the evidence standard, Hurtado had consented to the police search of her home. We reversed and remanded this part of the district court's judgment because the precedent of this circuit required the government to prove the voluntariness of Hurtado's consent by clear and convincing evidence. On rehearing en banc, the court reversed our precedent which required clear and convincing evidence and stated that "the controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence." 905 F.2d at 76, *quoting United States v. Matlock,* 415 U.S.

164, 177 n. 14, 94 S.Ct. 988, 996 n. 14, 39 L.Ed.2d 242 (1974).

The district court evaluated the voluntariness of Hurtado's consent under the proper standard. We stated in our prior panel opinion that "[i]f the preponderance standard were applied to this case, we would readily conclude that the district court's finding of voluntariness was not clearly erroneous," 899 F.2d at 375.

Therefore, the judgment of the district court is

AFFIRMED.