699 So.2d 984 (1997)
Dennis Javier ESCOBAR, Appellant,
v.
STATE of Florida, Appellee.
No. 77735.
Supreme Court of Florida.
July 10, 1997.
Rehearing Denied October 2, 1997.
John H. Lipinski, Law Offices of John H. Lipinski, Miami, for Appellant.
Robert A. Butterworth, Attorney General, and Fariba N. Komeily, Assistant Attorney General, Miami, for Appellee.
PER CURIAM.
Dennis Escobar appeals his conviction for first-degree murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We find reversible error in the trial court's granting of the State's motion for rejoinder of codefendants. Accordingly, we *985 reverse appellant's convictions and sentences for first-degree murder and for possession of a firearm during the commission of a felony. We remand for proceedings consistent with this opinion to begin within 180 days of the filing of this opinion.[1]
Appellant and his brother, Douglas Escobar, individually confessed to participating in the murder of Miami police officer Victor Estefan on March 30, 1988.[2] Prior to trial, appellant and his codefendant each filed motions for severance of their trials. Originally, the trial court allowed separate trials. However, the court subsequently granted the State's motion for rejoinder based upon a 1990 amendment to the Florida Evidence Code.[3] The court then denied motions for severance during both the guilt and penalty-phase proceedings. The brothers were tried jointly. Neither defendant testified during the guilt or penalty phases of the joint trial. The jury found appellant guilty of all charges and, by a vote of eleven to one, recommended the death penalty. The trial court followed the recommendation, finding two aggravating factors: (1) previous conviction of a violent felony;[4] and (2) the victim was a law enforcement officer engaged in the lawful performance of official duties.[5] The court found one nonstatutory mitigating factor: appellant came from a broken home. The trial court sentenced appellant to death.
Appellant raises fourteen issues in this appeal.[6] In reversing appellant's conviction and sentence, we need address only issue one, in which appellant argues that the trial court erred in granting the State's motion for rejoinder of his trial with that of his codefendant. This issue is dispositive. For purposes of the new trial, we do address several other issues that may recur.
As we did in codefendant Douglas Escobar's case, we agree with appellant's contention that the trial court erred by granting the State's motion for rejoinder of the two defendants, by denying appellant's repeated motions to have his trial severed from that of his codefendant and then by admitting into evidence at the joint trial the codefendant's statement which incriminates appellant. Appellant argues specifically that the trial court's failure to grant a severance violated his federal constitutional right to confront his codefendant, who did not testify at their joint trial, as to those portions of the codefendant's confession admitted at trial that incriminated appellant in the shooting death of Estefan. Our agreement with this *986 contention compels us to reverse appellant's conviction and sentence and to remand for a new trial.
In Franqui v. State, 699 So.2d 1312 (Fla. 1997), we extensively reviewed the use of interlocking confessions of codefendants in joint trials. For the reasons stated in our opinion in Franqui, we reject the State's contention that the 1990 amendment to the Florida Evidence Code was a proper basis upon which to admit in the joint trial the portions of the confession of appellant's codefendant that incriminated appellant. We determine that the admission of those portions of Douglas Escobar's statement was error.
As we further decided in Franqui, this error is subject to a harmless error review. As we noted in our opinion in Douglas Escobar's appeal, this case differs from Franqui in that there was no charge of felony murder here. Escobar v. State, 699 So.2d 988 (Fla.1997). The jury was instructed only as to premeditated first-degree murder. Within Douglas Escobar's statement that the trial court allowed into evidence is information which incriminated appellant, including Douglas's assertion that appellant was the primary perpetrator and triggerman in the Estefan murder. The State extensively used Douglas Escobar's statement against appellant in support of the State's argument that appellant was guilty of premeditated murder. From our review of the record, we cannot find the error to be harmless in this case.
For the new trial, the trial court is to again consider whether appellant and Douglas Escobar can be tried jointly. The trial court is to apply in this decision Florida Rule of Criminal Procedure 3.152(b)(2)[7] if the State intends to offer Douglas Escobar's statement against appellant in a joint trial. In the new trial, whether it is a joint trial or a separate trial for appellant, only those statements in the confession of Douglas Escobar which are admissible in compliance with our opinion in Franqui are to be admitted.
In the opinion as to Douglas Escobar, we addressed other issues which potentially affect appellant's new trial. We direct that the new trial of appellant be in accord with our decision on these issues.[8]See Escobar.
We now turn to several separate issues raised by appellant. We do agree with appellant in respect to his fifth issue, which concerns the trial court's admission of an insurance report concerning a stolen Mazda. We believe that this cumulative evidence had the potential of confusing and misleading the jury; thus the report should not be admitted at appellant's retrial. Regarding issue six, evidence of Estefan's character and resulting loss to the community caused by his death, *987 our recent holdings concerning victim-impact evidence in Bonifay v. State, 680 So.2d 413, 419-20 (Fla.1996), and Windom v. State, 656 So.2d 432, 439 (Fla.1995), are to be applied. As to issue seven, we agree that Detective Morin should not be allowed to testify as to his opinion as to who murdered Estefan.
The final issue which we address that will affect appellant's new trial is appellant's contention that the trial court erred in failing to suppress appellant's confession because it was involuntary. We extensively discussed similar issues in Escobar in respect to Douglas Escobar's confession, and we found that the trial court's decision regarding Douglas's confession was based upon competent, substantial evidence and should be upheld. We likewise hold that the trial court's order denying appellant's motion to suppress should be upheld in this case. The trial court held an evidentiary hearing and then denied appellant's motion to suppress the statements that appellant made to police on May 2 and May 3, 1988, while he was hospitalized for gunshot wounds received in the California shoot-out, and July 14, 1989, while he was incarcerated in California. Appellant primarily contends that the police coerced him by misrepresenting other evidence and by stating that his wife would be arrested and his children taken from her if he did not give a statement to police.
The trial court held an evidentiary hearing on appellant's motion to suppress. The court found that appellant's Miranda waiver was knowing, intelligent, and voluntary and that his statements were admissible. The State must show by a preponderance of the evidence that the confession was freely and voluntarily given and that the rights of the accused were knowingly and intelligently waived. Thompson v. State, 548 So.2d 198, 204 (Fla.1989). A trial court's ruling on a motion to suppress is presumptively correct. Medina v. State, 466 So.2d 1046, 1049 (Fla. 1985). Our review of the record reflects that the trial court properly concluded that the statements were voluntarily obtained after properly administered warnings pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We hold that the trial court did not err in refusing to suppress the confession.
The determination of voluntariness is based upon the totality of the circumstances, with the determination to be made by the judge based on a multiplicity of factors. Traylor v. State, 596 So.2d 957, 964 (Fla.1992). The interrogating detective conceded that he did make various misrepresentations of fact to appellant. We caution law enforcement that such tactics can go too far and can render confessions so unreliable that they must be suppressed. However, we recognize that police misrepresentation alone does not necessarily render a confession involuntary. Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); Burch v. State, 343 So.2d 831 (Fla.1977). On the basis of the record before the trial court, we find no abuse of the trial court's discretion in the decision not to suppress appellant's statements.
Appellant tangentially argues in this appeal that his state of mind as a result of his medical condition hampered his ability to withstand the alleged coercive police techniques. Unlike his codefendant, who presented the testimony of several medical experts in the joint suppression hearing as to Douglas Escobar's medical condition at the time of his statements to police, appellant did not present medical evidence and did not raise the issue of his medical condition in his motion to suppress or in the suppression hearing. Therefore, this claim is procedurally barred. Tillman v. State, 471 So.2d 32, 34-35 (Fla.1985).
Thus, appellant's confession was not legally the result of coercion, deception, or the violation of constitutional rights. Accordingly, we find no error in the trial court's ruling that appellant's statements were freely and voluntarily given to police after appellant knowingly and intelligently waived his Miranda rights.
In conclusion, we reverse appellant's convictions and sentences for first-degree murder and possession of a firearm during the commission of a felony. We do not disturb the conviction and sentence for automobile *988 theft, which appellant did not challenge.[9] Accordingly, we remand for a new trial.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs in result only.
NOTES
[1] In Escobar v. State, 699 So.2d 988 (Fla. 1997), the appeal of Douglas Escobar, we fully set forth the facts in this case, which were presented to the jury through testimony and physical evidence in the joint trial of codefendants Douglas and Dennis Escobar.
[2] Douglas and Dennis Escobar were tried and convicted in April 1989 of attempted first-degree murder for shooting a California Highway Patrol trooper who had stopped the Escobars for an alleged traffic violation in April 1988. Both Dennis and Douglas Escobar were sentenced to life in prison in California.
[3] Effective October 1, 1990, the legislature deleted from the hearsay exception of statement against interest, section 90.804(2)(c), Florida Statutes (1989), the following provision:

A statement or confession which is offered against the accused in a criminal action, and which is made by a codefendant or other person implicating both himself and the accused, is not within this exception.
Ch. 90-174, § 4, at 744-45, Laws of Florida.
[4] Section 921.141(5)(b), Fla. Stat. (1989).
[5] Section 921.141(5)(j), Fla. Stat. (1989).
[6] Whether (1) the trial court erred in denying appellant's motion to sever his trial from that of his codefendant; (2) the trial court erred in not allowing appellant to exercise five peremptory challenges; (3) the trial court erred in excluding a juror because of her views on the death penalty; (4) the trial court erred in admitting photographs relating to the victim's wounds; (5) the trial court erred in admitting an insurance report into evidence; (6) the trial court erred in admitting evidence of the victim's good character during the guilt phase; (7) the trial court erred in admitting a police detective's opinion as to who murdered the victim; (8) the trial court erred in allowing improper closing arguments by the prosecutor; (9) the trial court erred in giving a jury instruction as to flight; (10) the trial court erred in denying appellant's request for a jury instruction as to third-degree murder; (11) evidence was not sufficient to prove premeditation for first-degree murder; (12) the trial court erred in denying appellant's motion to suppress his statements; (13) the trial court erred in imposing the death penalty as to appellant; (14) the trial court erred by denying appellant's motion to declare section 921.141, Florida Statutes (1989), unconstitutional.
[7] Florida Rule of Criminal Procedure 3.152(b)(2) provides:

If a defendant moves for a severance of defendants on the ground than an oral or written statement of a codefendant makes reference to him or her but is not admissible against him or her, the court shall determine whether the state will offer evidence of the statement at the trial. If the state intends to offer the statement in evidence, the court shall order the state to submit its evidence of the statement for consideration by the court and counsel for defendants and if the court determines that the statement is not admissible against the moving defendant, it shall require the state to elect 1 of the following courses:
(A) a joint trial at which evidence of the statement will not be admitted;
(B) a joint trial at which evidence of the statement will be admitted after all references to the moving defendant have been deleted, provided the court determines that admission of the evidence with deletions will not prejudice the moving defendant; or
(C) severance of the moving defendant.
[8] Appellant argues as a subissue of issue one that the trial court erred in admitting against appellant (1) testimony concerning the Escobars' involvement in the shooting of California law enforcement officers a month after the Estefan murder; (2) testimony concerning California arrest warrants which were outstanding against Douglas at the time of the Estefan murder; and (3) testimony regarding a statement Douglas Escobar made to Angel Bonilla about Douglas Escobar's involvement in a robbery in California. For the reasons we stated in Escobar, we find that testimony concerning the California warrants and limited testimony concerning the California shoot-out are to be admitted in appellant's new trial. Testimony about the statement to Bonilla cannot be admitted. Photographs relevant to the California shoot-out and a sketch portraying the scene of the shoot-out shall not be admitted in the new trial.
[9] We find the remainder of appellant's claims to be moot or without merit.