**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-10257
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANGEL MANUEL RIVERA-ROMERO,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CR-188-1-E)

September 28, 1999

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Angel Manuel Rivera-Romero appeals his conditional guilty-plea conviction for possession of cocaine with the intent to distribute. Rivera contends that the district court clearly erred in denying his motion to suppress the evidence seized from his apartment. Rivera argues that because he has only limited understanding of English, his consent to the law enforcement officers' entry into, and warrantless search of, the apartment was involuntary.

In reviewing a district court's ruling on a motion to suppress based on live testimony at a suppression hearing, this court must

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accept the district court's findings of fact unless they are clearly erroneous or influenced by an incorrect view of the law. United States v. Foy, 28 F.3d 464, 474 (5th Cir. 1994). Voluntariness of consent to enter a residence or make a search is a question of fact to be determined by a preponderance of the evidence from the totality of the circumstances.[2] See United States v. Cooper, 43 F.3d 140, 144 (5th Cir. 1995). "[I]n regard to Spanish speaking defendants, where there is sufficient conversation between the suspect and law enforcement officers to demonstrate that the suspect had an adequate understanding of English to fully comprehend the situation, a finding that consent was voluntary may be proper." United States v. Alvarado, 898 F.2d 987, 991 (5th Cir. 1990).

The district court did not err, clearly or otherwise, in finding that Rivera voluntarily consented to the officers' entry into, and warrantless search of, the apartment. See Alvarado, 898 F.2d at 991. Therefore, the judgment of the district court is

AFFIRMED.

---

[2]In brief, Appellant's counsel argues that the proof of voluntariness must be by clear and convincing evidence, relying on United States v. Gonzales, 842 F.2d 748 (5th Cir. 1988) and United States v. Parker, 722 F.2d 179 (5th Cir. 1983). Those cases were overruled by United States v. Hurtado, 905 F.2d 74, 75-76 (5th Cir. 1990). We on this occasion, assume that these improper citations are the result of inadequate research rather than a deliberate breach of duty by an officer of the court.