**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2009

Charles R. Fulbruge III
Clerk

No. 06-11381

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN KEITH CASPER,

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Texas, Fort Worth

On Remand from the
Supreme Court of the United States

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The facts and proceedings are set forth in this panel's initial opinion,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Casper*, 536 F.3d 409 (5th Cir. 2008), *vacated and remanded*, 129 S. Ct. 2156 (2009). The remand was for further consideration in light of *Arizona v. Gant*, 129 S. Ct. 1710 (2009).

Before this panel heard oral argument on remand, we requested letter briefs on the impact of *Gant*. The government responded in part as follows:

> In *Gant*, the Supreme Court narrowed the scope and applicability of automobile searches incident to arrest. On remand, this Court should affirm the judgment of the district court in all respects. Notwithstanding the holding in *Gant*, the district court did not err in denying Casper's motion to suppress, as the good faith exception to the exclusionary rule applies under the facts of the case. In the alternative, the Court should remand the case for an evidentiary hearing on the government's claim of inevitable discovery previously asserted in the district court.

The government further recognized that "the May 2005 search of Casper's vehicle is not authorized as a search incident to arrest under *Gant*." It requests that, if this court decides that the good faith exception to warrantless searches does not apply, the case be remanded for an evidentiary hearing on the government's claim of inevitable discovery.

In his supplemental letter brief, Casper argues for reversal under *Gant*. "Alternatively, he respectfully prays that this Court remand for an evidentiary hearing regarding the legality of all evidence seized May 11, 2005." In a letter replying to the government's letter, however, Casper argues that the government has waived a hearing for failure to request one initially in the district court.

Casper's waiver argument has no merit. The government argued all along that the evidence would inevitably have been discovered, so the argument is properly preserved. *See* R. 105-10.

The applicability of the good faith exception is far from obvious. We need not decide that question now, however, because that issue becomes irrelevant if it is determined that the evidence in question would have been inevitably discov-

ered. We remand for an evidentiary hearing and decision by the district court on whether the evidence seized on May 11, 2005, would have been inevitably discovered. This is a limited remand, and we retain jurisdiction.[1]

This matter is therefore REMANDED for the district court to conduct an evidentiary hearing and whatever other proceedings it deems appropriate for a determination of the issue of inevitable discovery.

---

[1] *See United States v. Runyan*, 275 F.3d 449, 466-67 (5th Cir. 2001) ("We retain jurisdiction . . . and make a limited remand . . . to the district court to make findings of fact addressing: (1) whether the police would have sought the warrants . . . and (2) whether the magistrate judge would have issued the warrants . . . ."); *United States v. Delancey*, 190 F. App'x 376 (5th Cir. 2006) (per curiam) (retaining jurisdiction while remanding for reasons for sentencing departure); *United States v. Arnold*, 8 F.3d 21 (5th Cir. 1993) (table) (retaining jurisdiction while remanding for determination of excusable neglect in filing). *See also United States v. Parker*, 722 F.2d 179, 185 (5th Cir. 1983) (ordering remand for evidentiary hearing to decide applicability of independent source exception or inevitable discovery exception), *overruled on other grounds by United States v. Hurtado*, 905 F.2d 74, 75-76 (5th Cir. 1990) (en banc).