# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2009

Charles R. Fulbruge III
Clerk

No. 06-11381

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN KEITH CASPER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CR-23

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

After this matter was remanded by the Supreme Court, *Casper v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 129 S. Ct. 2156 (2009), we made a limited remand for the district court to conduct an evidentiary hearing from which to decide the question of inevitable discovery, *United States v. Casper*, 332 F. App'x 222 (5th Cir. 2009) (per curiam). That court promptly complied, issuing an order finding

> that the evidence seized by Fort Worth Police Officer Terry Porter on May 11, 2005, from the vehicle driven by the defendant, Brian Keith Casper, would inevitably have been discovered notwithstanding the illegal search of the vehicle incident to Casper's arrest [and that] [l]ikewise, the evidence seized from Casper's home would inevitably have been discovered.

As Casper concedes in his supplemental letter brief filed after the district court issued its findings, "the government need only show 'a reasonable probability' that the evidence would have been discovered by lawful means. *See United States v. Lamas*, 930 F.2d 1099, 1102 (5th Cir. 1991)." The district court, in its oral explanation that preceded its written order, found that

> it's inevitable that [the officers] would have conducted an inventory search and/or brought the [narcotic-detecting] dog in. He was right there. As the officer said, it wouldn't have been a big delay, and brought the dog in. The dog would have inevitably alerted, and then the search would have proceeded either on that probable cause of the dog alert or on the right to search for purposes of an inventory.

These findings are supported by the record and are not clearly erroneous. The motion to suppress was properly denied.

Aside from suppression, the only other issue that Casper raises on appeal is the length of his sentence. For the reasons explained in our initial and later-vacated decision, *United States v. Casper*, 536 F.3d 409 (5th Cir. 2008), there is no reversible error in the sentence.

The judgment of conviction and sentence is AFFIRMED.