**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2014

Lyle W. Cayce
Clerk

No. 10-60559

NEVADA PARTNERS FUND, L.L.C., by and through Sapphire II, Incorporated.  Tax Matters Partner

Plaintiff - Appellant Cross-Appellee

v.

UNITED STATES OF AMERICA, by and through its agent, the Internal Revenue Service

Defendant - Appellee Cross-Appellant

---------------------------------------------------------------------------------------------------

CARSON PARTNERS FUND, L.L.C., by and through Sapphire II, Incorporated, Tax Matters Partner

Plaintiff - Appellant Cross-Appellee

v.

UNITED STATES OF AMERICA, by and through its agent, the Internal Revenue Service

Defendant - Appellee Cross-Appellant

---------------------------------------------------------------------------------------------------

RENO PARTNERS FUND, L.L.C., by and through Carson Partners Fund, L.L.C., Tax Matters Partner,

Plaintiff - Appellant Cross-Appellee

v.

No. 10-60559

UNITED STATES OF AMERICA, by and through its agent, the Internal Revenue Service,

Defendant - Appellee Cross-Appellant

---------------------------------------------------------------------------------------------------

CARSON PARTNERS FUND, L.L.C., by and through Nevada Partners Fund, L.L.C., Tax Matters Partner

Plaintiff - Appellant Cross-Appellee

v.

UNITED STATES OF AMERICA, by and through its agent, the Internal Revenue Service

Defendant - Appellee Cross-Appellant

---------------------------------------------------------------------------------------------------

RENO PARTNERS FUND, L.L.C., by and through Delta Currency Management Company, Tax Matters Partner

Plaintiff - Appellant Cross-Appellee

v.

UNITED STATES OF AMERICA, by and through its agent, the Internal Revenue Service

Defendant - Appellee Cross-Appellant

---------------------------------------------------------------------------------------------------

CARSON PARTNERS FUND, L.L.C., by and through Bricolage Capital Management Company, Tax Matters Partner

Plaintiff - Appellant Cross-Appellee

v.

UNITED STATES OF AMERICA, by and through its agent, the Internal Revenue Service

Defendant - Appellee Cross-Appellant

---------------------------------------------------------------------------------------------------

2

No. 10-60559

NEVADA PARTNERS FUND, L.L.C., by and through Bricolage Capital
Management Company, Tax Matter Partner

Plaintiff - Appellant Cross-Appellee

v.

UNITED STATES OF AMERICA, by and through its agent, the Internal
Revenue Service

Defendant - Appellee Cross-Appellant

---

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-379

---

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The facts and proceedings are set forth in this panel's initial opinion, *Nevada Partners Fund, L.L.C. ex rel. Sapphire II, Inc. v. United States ex rel. I.R.S.*, 720 F.3d 594, 619 (5th Cir. 2013), *vacated*, No. 13-343, 2014 WL 102360 (2014). The remand was for further consideration in light of *Woods v. United States*, 134 S. Ct. 557 (2013).

Briefly stated, the plaintiffs challenge eleven notices of final partnership administrative adjustment (FPAAs) issued by the IRS, which disregarded approximately $18 million of claimed tax losses and imposed substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

penalties on the ground that the partnerships' transactions lacked economic substance and therefore constituted an illegal tax shelter.  After a bench trial, the district court upheld the IRS's disallowance of the claimed losses and upheld two of the asserted penalties (a 20% negligence penalty and a 20% substantial understatement penalty, imposed in the alternative), but disallowed the third penalty (a 40% gross valuation-misstatement penalty) pursuant to existing circuit precedent that the gross valuation-misstatement penalty did not apply under the circumstances.  *Nevada Partners Fund, LLC ex rel. Sapphire II, Inc. v. United States*, 714 F. Supp. 2d 598 (S.D. Miss. 2010).

We affirmed in part and vacated in part.  We affirmed the district court's judgment: (1) that the transactions in question lacked economic substance and were properly disregarded for tax purposes; (2) that the negligence penalty was applicable and the partnerships were not entitled to the "reasonable cause" defense they urged; and (3) that the gross valuation-misstatement penalty was inapplicable.  We vacated the district court's judgment in part and rendered judgment for the plaintiffs (1) to the extent that the district court affirmed certain of the FPAAs reflecting the IRS' alternative theory of liability; and (2) with respect to the district court's approval of the substantial understatement penalty because we found it unnecessary to reach the applicability of that penalty in light of our approval of the 20% negligence penalty.  *Nevada Partners*, 720 F.3d at 614, 619.  The government petitioned for certiorari with respect to the application of the valuation-misstatement penalty, and the Supreme Court granted certiorari, vacated, and remanded the case to this court for further consideration in light of its opinion in *Woods v. United States*, which held that the valuation-misstatement penalty does apply in cases in which the transactions in question are found to lack economic substance.  *United States v. Nevada Partners Fund, LLC ex rel. Sapphire II, Inc.*, No. 13-343, 2014 WL 102360 (2014).

No. 10-60559

The Supreme Court's opinions in *Woods* and in the present case calls into question the applicability of the gross valuation-misstatement penalty in this case, which in turn may affect the applicability of the lesser penalties and their corresponding defenses. We remand the case to the district court for a determination of these issues in the first instance, along with any other proceedings the district court deems appropriate in light of *Woods v. United States*. This is a limited remand, and should either party seek appellate review following disposition of this case by the district court, such appeal will be assigned to this panel.[1]

**REMANDED.**

---

[1] *See, e.g., Ballard v. Comm'r*, 429 F.3d 1026, 1027 & n.1 (11th Cir. 2005); *Petition of Geisser*, 627 F.2d 745, 749 (5th Cir. 1980); *see also, e.g., United States v. Casper*, 332 F. App'x 222, 223 & n.1 (5th Cir. 2009).