**The STATE of Texas, Appellant,**

v.

**Gabino Puente IBARRA, Appellee.**

**No. 14–95–00305–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 19, 1995.

Discretionary Review Granted
May 22, 1996.

Michael R. Little, Steve Green, Anahuac, for appellant.

Ed Lieck, Beaumont, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

**OPINION**

LEE, Justice.

Gabino Puente Ibarra, appellee, was charged with possession of between two and fifty pounds of marijuana and failure to pay marijuana tax. Ibarra filed a pretrial motion to suppress evidence that was obtained by police during a search of his car. The trial court held a hearing and determined that the state had demonstrated by a **preponderance of the evidence** that Ibarra's consent was voluntary but that the state had failed to demonstrate by **clear and convincing evidence** that Ibarra voluntarily consented to the search. The trial court concluded that Texas law required the state to demonstrate that the consent to search was voluntary by clear and convincing evidence. Because the state failed to prove that Ibarra's consent was voluntary by clear and convincing evidence, the trial court granted Ibarra's motion to suppress. The state appeals and contends in one point of error that the proper burden of proof is preponderance of the evidence. We affirm.

The state acknowledges that the Court of Criminal Appeals has consistently and repeatedly stated that the burden of proof is on the state to demonstrate by clear and convincing evidence that a defendant voluntarily consented to a search. *See, e.g., Johnson v. State,* 803 S.W.2d 272, 286–87 (Tex.Crim.App. 1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991); *Juarez v. State,* 758 S.W.2d 772, 775 (Tex.Crim.App. 1988); *Dickey v. State,* 716 S.W.2d 499, 504 (Tex.Crim.App.1986); *Meeks v. State,* 692 S.W.2d 504, 509 (Tex.Crim.App.1985); *Armstrong v. State,* 550 S.W.2d 25, 32 (Tex.Crim. App.1976) (op. on reh'g); *Kolb v. State,* 532 S.W.2d 87, 89 (Tex.Crim.App.1976). In addition, this court and other courts of appeals have relied on these decisions to similarly require clear and convincing evidence that a defendant voluntarily consented to a search. *See, e.g., State v. Johnson,* 896 S.W.2d 277, 282 (Tex.App.—Houston [1st Dist.] 1995, pet. granted); *Goines v. State,* 888 S.W.2d 574, 577 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Harris v. State,* 882 S.W.2d 61, 64 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd); *Arroyo v. State,* 881 S.W.2d 784, 788 (Tex.App.—Houston [14th Dist.] 1994, no pet.); *Moss v. State,* 878 S.W.2d 632 (Tex. App.—San Antonio 1994, pet. ref'd); *Woodberry v. State,* 856 S.W.2d 453, 456 (Tex. App.—Amarillo 1993, no pet.); *Clarke v. State,* 813 S.W.2d 654, 656 (Tex.App.—Fort Worth 1991), *aff'd,* 839 S.W.2d 92 (Tex.Crim. App.1992).

The state argues, however, that the Fourth Amendment only requires proof of consent to search by a preponderance of the evidence. In support of its argument the state relies on three Supreme Court decisions: *Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); and *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). The state urges that Texas should adopt the lower burden of proof because the aforementioned Texas appellate decisions were incorrectly based on *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) and *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), which have been clarified by *Bourjaily, Matlock,* and *Twomey.* The Fifth Circuit

has adopted the burden of proof urged by the state. *See United States v. Ponce,* 8 F.3d 989 (5th Cir.1993); *United States v. Hurtado,* 905 F.2d 74 (5th Cir.1990) (en banc).

It is axiomatic that Texas cannot subtract from the rights guaranteed by the United States Constitution. It may, however, provide additional rights to its citizens. Supreme Court decisions represent the *minimum* protection that Texas must afford its citizens. *Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991). Requiring the state to demonstrate by clear and convincing evidence that Ibarra consented to the search of his automobile affords Ibarra protection beyond that required by the Fourth Amendment to the United States Constitution. In *Heitman,* the Court of Criminal Appeals determined that it would not be bound by Supreme Court decisions addressing the Fourth Amendment when interpreting article I, section 9 of the Texas Constitution. *See id.* Requiring the voluntariness of a consent to search by clear and convincing evidence appears to be one instance where Texas departs from the Fourth Amendment.

We are an intermediate appellate court and are not at liberty to ignore long-standing, well-established precedent. Without authority to the contrary, we are bound by the decisions of this court and of the Court of Criminal Appeals. Accordingly, the state's sole point of error is overruled and the judgment of the trial court is affirmed.