

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. PD-0846-18, PD-0847-18

### SCOTT OGLE, Appellant

### v.

### THE STATE OF TEXAS

### DISSENT TO REFUSAL TO GRANT APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS HAYS COUNTY

**KELLER, P.J., filed a dissenting opinion.**

Appellant has been charged with two counts of the offense of sending harassing electronic communications. The alleged victims in this case are police officers. According to the information, Appellant made "repeated phone calls, calls for service, emails, and or subpoenas many of which contained offensive or disparaging language" with "intent to harass, annoy, alarm, abuse, torment, or embarrass" the officers.[1] The information in this case appears to implicate core speech under the First Amendment—criticism of the government.

---

[1] One of the indictments used the phrase "which many" instead of "many of which."

I have previously dissented to the refusal to grant discretionary review of a First Amendment facial challenge to the electronic-communications harassment statute.[2] I pointed out that the breadth of the statute, applying to all electronic communications, could accurately be characterized as "breathtaking."[3] All that is required are two electronic communications that are intended and reasonably likely to annoy, alarm, or harass a particular person.[4] In a prior case, involving a narrower but somewhat similar telephone harassment statute, I warned that, because the statute was not limited to phone calls made to someone's home or personal phone, the statute could encompass a "call made to a public official at his government office."[5]

Now we have a case in which the electronic-communications harassment statute has been invoked to punish communications made to police officers.[6] If this Court believed that the prosecuting authorities would never use this statute to punish criticism of agents of the government, it ought to now recognize that such a belief was overly optimistic. Given the breadth of the electronic-communications harassment statute, and the potential to use it to suppress criticism of the government, we should grant review to address whether the statute is facially unconstitutional in violation of the First Amendment. Because the Court does not, I respectfully dissent.

Filed: October 10, 2018
Publish

---

[2] *Ex parte Reece*, 517 S.W.3d 108, 109 (Tex. Crim. App. 2017) (Keller, P.J., dissenting). *See also* TEX. PENAL CODE § 42.07(a)(7).

[3] *Reece*, 517 S.W.3d at 110 (Keller, P.J., dissenting).

[4] *Id.* at 111.

[5] *Wilson v. State*, 448 S.W.3d 418, 426 (Tex. Crim. App. 2014) (Keller, P.J., dissenting).

[6] *Ex parte Ogle*, Nos. 03-18-00207-CR, 03-18-00208-CR, 2018 Tex. App. LEXIS 5955, *1 (Tex. App.—Austin August 1, 2018).