In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-19-00445-CR

EX PARTE JUSTIN BRIAN JOHNSTON

_____

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 19-03-03754-CR

_____

MEMORANDUM OPINION

Justin Brian Johnston[1], Appellant, was indicted for allegedly stalking an ex-girlfriend.[2] This accelerated appeal arises from the trial court's order denying Johnston the relief sought in his "Application for Pretrial Writ of Habeas Corpus and/or Motion to Quash Amended Indictment" (hereinafter the Pretrial Motions). The amended indictment alleged that Johnston committed the offense of stalking in violation of section 42.072(a) in that

---

[1] According to Appellant, he was a Liberty County Constable at the time of his arrest.

[2] In Appellant's brief, Johnston states he was originally indicted for misdemeanor harassment, but that charge was dismissed by the State.

on or about June 08, 2018, . . . [Johnston] did then and there on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, namely: [S.E.[3]], knowingly engage in conduct that: constitutes the offense of harassment; caused [S.E.] to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended; and would cause a reasonable person to feel harassed, annoyed alarmed, abused, tormented, embarrassed, or offended to-wit: by sending repeated, unsolicited electronic communications to [S.E.] between the dates of May 1, 2018 and October 1, 2018, in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend [S.E.]

In his Pretrial Motions, Johnston alleged that section 42.072 of the Texas Penal Code is facially unconstitutional because it is vague and overbroad and that it chills First Amendment speech. Johnston also argued that the indictment lacked specificity and certainty as to the acts for which he was being tried, put him in jeopardy, and failed to set forth the offenses in plain and intelligible words. The trial court had a hearing on and then denied the Pretrial Motions, and thereafter Johnston timely appealed. Both in the trial court and on appeal, Johnston argues section 42.072 of the Texas Penal Code is facially unconstitutional under due process because of its overbreadth and vagueness, and Johnston argues that it also violates the free speech protections in the First Amendment. Finding no error, we affirm.

---

[3] To protect the privacy of the victim, we refer to her by her initials. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

## Standard of Review

The Court of Criminal Appeals "ha[s] held that an applicant may use pretrial writs to assert his or her constitutional protections with respect to double jeopardy and bail[,]" to challenge the facial constitutionality of the statute under which he or she is prosecuted, or to allege that the offense charged is barred by limitations. *Ex parte Weise*, 55 S.W.3d 617, 619-20 (Tex. Crim. App. 2001). We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In conducting this review, we view the record evidence in the light most favorable to the trial court's ruling. *Id.*

Ordinarily, when reviewing the constitutionality of a statute, we presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Ex parte Lo*, 424 S.W.3d 10, 14-15 (Tex. Crim. App. 2013); *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet ref'd) (citing *Rodriquez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002)). The party challenging the statute normally carries the burden to establish the statute's unconstitutionality. *Rodriguez*, 93 S.W.3d at 69. We shall uphold the statute if there is a reasonable construction that renders it constitutional. *Maloney*, 294 S.W.3d at 626 (citing *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979)). "Whether a statute is facially constitutional is a question of law that we review de novo." *Ex parte Lo*, 424 S.W.3d at 14. (citations omitted).

Section 42.072(a)(1) provides that a person commits the offense of stalking

> . . . if the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct that . . . constitutes an offense under Section 42.07, or that the actor knows or reasonably should know the other person will regard as threatening:
> (A) bodily injury or death for the other person;
> (B) bodily injury or death for a member of the other person's family or household or for an individual with whom the other person has a dating relationship; or
> (C) that an offense will be committed against the other person's property[.]

Tex. Penal Code Ann. § 42.072(a)(1). Section 42.07 codifies the offense of harassment and states, in relevant part, that

> (a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:
> . . .
> (7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

*Id.* § 42.07(a)(7). Section 42.07(b)(1) defines "electronic communication" as follows:

> "Electronic communication" means a transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system. The term includes:
> (A) a communication initiated through the use of electronic mail, instant message, network call, a cellular or other type of telephone, a computer, a camera, text message, a social media platform or application, an Internet website, any other Internet-based communication tool, or facsimile machine; and
> (B) a communication made to a pager.

4

*Id.* § 42.07(b)(1).

Void for Vagueness

In his first issue, Johnston argues that section 42.072(a)(1) is unconstitutionally vague. He argues that the statute is void for vagueness because the proscribed conduct—engaging in conduct that constitutes an offense under Section 42.07 by causing another person to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended—does not give reasonable notice of what constitutes criminal conduct as required by the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 10 and 19 of the Texas Constitution. According to Johnston, the verbs in the section 42.07(a)(7) (harass, annoy, alarm, abuse, torment, embarrass, or offend) are not defined by the statute and do not lend themselves to objective definitions. Johnston acknowledges that the intermediate appellate courts have disagreed that these terms render the harassment statute impermissibly vague, and he cites *Karenev v. State*, 258 S.W.3d 210, 217 (Tex. App.—Fort Worth 2008), *rev'd on other grounds*, 281 SW.3d 428 (Tex. Crim. App. 2009), and *Ex parte Barton*, 586 S.W.3d 573, 584 (Tex. App.—Fort Worth 2019, pet. granted) (op. on reh'g), in arguing that this language in the harassment statute is impermissibly vague. Johnston also cites to several dissenting opinions

authored by Presiding Judge Keller, wherein Presiding Judge Keller has described the harassment statute as unconstitutional.[4]

The State responds and argues the statute is not unconstitutional. The State relies on the majority opinion in *Scott v. State*, 322 S.W.3d 662 (Tex. Crim. App. 2010), in arguing that the telephone harassment portion of the stalking statute is not unconstitutionally overbroad or void for vagueness, and it does not implicate the First Amendment. According to the State, in *Scott* the Court rejected the same constitutional attacks to section 42.07(a)(4) that Johnston is making in this case to section 42.07(a)(7). The State contends that "[t]he only functional difference between the subsection at issue in *Scott* and the incorporated portion of the harassment statute in this case is that the subsection at issue here prohibits repeated 'electronic communications,' rather than repeated telephone communications."[5]

We agree that in *Scott*, the Court of Criminal Appeals addressed similar arguments to Johnston's when it analyzed the constitutionality of section 42.07(a)(4)

---

[4] *Ex parte Reece*, 517 S.W.3d 108 (Tex. Crim. App. 2017) (Keller, P.J., dissenting); *Ogle v. State*, 563 S.W.3d 912 (Tex. Crim. App. 2018) (Keller, P.J., dissenting); *Scott v. State*, 322 S.W.3d 662 (Tex. Crim. App. 2010) (Keller, P.J., dissenting).

[5] Section 42.07(a)(4) provides that "[a] person commits [the offense of harassment] if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person . . . causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another[.]" Tex. Penal Code Ann. § 42.07(a)(4).

regarding harassment and telephonic communications. *See* 322 S.W.3d at 667-71; *see also* Tex. Penal Code Ann. § 42.07(a)(4). The Court of Criminal Appeals explained in *Scott* that to determine if section 42.07(a)(4) implicates constitutionally protected speech we must "determine the protection afforded by the free-speech guarantee, and then we must determine the meaning of § 42.07(a)(4)." *Scott*, 322 S.W.3d at 668. In analyzing if the statute as written implicated the First Amendment's free-speech guarantee, the Court explained that

> [t]he First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech." This guarantee of free speech, which was made applicable to the various states by the Due Process Clause of the Fourteenth Amendment, generally protects the free communication and receipt of ideas, opinions, and information[.] In a nation of ordered liberty, however, the guarantee of free speech cannot be absolute. The State may lawfully proscribe communicative conduct (i.e., the communication of ideas, opinions, and information) that invades the substantial privacy interests of another in an essentially intolerable manner.

*Id.* at 668-69 (citations omitted). The Court stated that considering the "plain text, we believe that the conduct to which the statutory subsection is susceptible of application will be, in the usual case, essentially noncommunicative, even if the conduct includes spoken words." *Id.* at 670 (citation omitted). The Court noted that the "persons whose conduct violates § 42.07(a)(4) will not have an intent to engage in the legitimate communication of ideas, opinions, or information; they will have only the intent to inflict emotional distress for its own sake." *Id.* In other words, because the statute required the actor have the specific intent to "harass, annoy,

7

alarm, abuse, torment, or embarrass another, he . . . makes repeated telephone communications . . . in a manner reasonable likely to harass, annoy, alarm abuse, torment, embarrass, or offend another[,]" this was not communication protected by the First Amendment. *Id.* at 669-70; *see also* Tex. Penal Code Ann. § 42.07(a)(4).

Recently, in *State v. Grohn*, 612 S.W.3d 78 (Tex. App.—Beaumont 2020, pet. filed), this Court rejected a facial challenge to section 42.07(a)(7). In *Grohn*, the defendant argued that the statute was vague and overbroad. *Id.* at 79-80. In concluding that section 42.07(a)(7) "does not implicate First Amendment protection and therefore, is not unconstitutionally vague[,]" this Court agreed with some of our sister courts and found that the reasoning of *Scott* applies equally to the similarly worded electronic-communications-harassment statute. *Id.* at 80-85; *see also Ex parte McDonald*, 606 S.W.3d 856, 862-64 (Tex. App.—Austin 2020, no pet.); *Tarkington v. State*, No. 12-19-00078-CR, 2020 Tex. App. LEXIS 2254, at **8-9 (Tex. App.—Tyler Mar. 18, 2020, no pet.) (mem. op., not designated for publication); *Ex parte Sanders*, No. 07-18-00335-CR, 2019 Tex. App. LEXIS 2813, at **11-12 (Tex. App.—Amarillo Apr. 8, 2019, pet. granted) (mem. op., not designated for publication); *Ex parte Hinojos*, No. 08-17-00077-CR, 2018 Tex. App. LEXIS 10530, at *14 (Tex. App.—El Paso Dec. 19, 2018, pet. ref'd) (not designated for publication); *Ex parte Reece*, No. 11-16-00196-CR, 2016 Tex. App. LEXIS 12649, at *7 (Tex. App.—Eastland Nov. 30, 2016, pet. ref'd) (mem. op., not

8

designated for publication); *Blanchard v. State*, No. 03-16-00014-CR, 2016 Tex. App. LEXIS 5793, at \*\*7-8 (Tex. App.—Austin June 2, 2016, pet. ref'd) (mem. op., not designated for publication); *Lebo v. State*, 474 S.W.3d 402, 408 (Tex. App.—San Antonio 2015, pet. ref'd); *Duran v. State*, Nos. 13-11-00205-CR & 13-11-00218-CR, 2012 Tex. App. LEXIS 7110, at \*\*7-8 (Tex. App.—Corpus Christi-Edinburg Aug. 23, 2012, pet. ref'd) (mem. op., not designated for publication).[6] We are bound by the precedent of this Court, and therefore we reject Johnston's argument that 42.07(a)(7) implicates the First Amendment, is void for vagueness, or overbroad. *See State v. Ibarra*, 918 S.W.2d 15, 17 (Tex. App.—Houston [14th Dist.] 1995) (absent contrary authority, an intermediate appellate court is bound by decisions of that court and the Court of Criminal Appeals), *aff'd*, 953 S.W.2d 242 (Tex. Crim. App. 1997).

Johnston also argues the harassment and stalking statutes are vague because the term "repeated" in section 42.07(a)(7) and the terms "scheme" and "course of conduct" in section 42.072(a)(1) are undefined in the Penal Code, and the terms fail to "indicate a concrete number." Johnston further asserts that the "reasonable

---

[6] We note that other sister courts have found that section 42.07(a)(7) implicates the First Amendment and that it is unconstitutionally overbroad or vague. *See State v. Chen*, 615 S.W.3d 376, 383-85 (Tex. App.—Houston [14th Dist.] 2020, pet. filed); *Ex parte Barton*, 586 S.W.3d 573, 583-84 (Tex. App.—Fort Worth 2019, pet. granted) (op. on reh'g).

person" standard in section 42.072(a)(1) does not "save" the statute from unconstitutional vagueness.

Johnston acknowledges that the Texas Court of Criminal Appeals determined in *Wilson v. State* that the term "repeated" in section 42.07(a)(4) means more than one occurrence. *See* 448 S.W.3d 418, 424 (Tex. Crim. App. 2014). The Court in *Wilson* determined that the term "repeated" in section 42.07(a)(4) is unambiguous:

> [Section 42.07(a)(4)]'s use of "repeated" simply speaks in terms of the number of telephone communications, it does not attempt to define the required frequency of the communications or temporal proximity of one communication to another. Finding § 42.07(a)(4)'s use of "repeated" ambiguous in describing these specific characteristics of the communication asks too much of the term. It would require presuming that the Legislature intended to define and regulate this type of harassing conduct by a particular frequency or temporal standard—a notion unsupported by the statute's plain language.

*Id.* (footnote omitted). Similarly, we believe the term "repeated" in section 42.07(a)(7) is also unambiguous. We conclude that Johnston has failed to establish that section 42.072(a)(1) or section 42.07(a)(7) is unconstitutionally vague on its face. Because we have determined that section 42.07(a)(7) does not implicate the First Amendment's free speech guarantee, the burden falls on Johnston to demonstrate "that it was unduly vague as applied to his own conduct." *See Scott*, 322 S.W.3d at 670-71. Johnston has failed to show how the statute is

10

unconstitutionally vague as applied to his conduct. We overrule Johnston's first issue.[7]

## Overbreadth

In his second issue, Johnston argues that section 42.072(a)(1) is also facially unconstitutional because it is overly broad and restricts too much speech protected by the First and Fourteenth Amendments of the U.S. Constitution and Article I, Section 8, of the Texas Constitution. According to Johnston, the electronic communications proscribed by section 42.07(a)(7)—and therefore also 42.072(a)(1)—includes not only personal texts and emails but also social media postings, which is public speech that has been held to be protected speech. Johnston argues that the Court of Criminal Appeal's holding in *Scott* that section 42.07(a)(4) does not implicate the First Amendment does not apply to section 42.07(a)(7). Johnston also argues that there is no nexus between the compelling interest underlying section 42.072(a)(1) and the "[b]lanket [r]estriction" on repeated electronic communications and that section 42.072(a)(1) is not narrowly tailored because electronic communications in public forums would fall within the broad sweep of section 42.07(a)(7).

---

[7] Because we find section 42.07(a)(7) and section 42.072(a)(1) are not unconstitutionally vague on the grounds asserted by Johnston, we need not address his argument that the "reasonable person" standard in section 42.072(a)(1) does not "save" the statute from unconstitutional vagueness.

The State argues that the stalking statute is not overbroad in violation of the First Amendment. According to the State, the Court of Criminal Appeal's holding in *Scott* as to section 42.07(a)(4) should apply to section 42.07(a)(7) because the only functional difference between the two subsections is that subsection (a)(4) prohibits repeated telephone communications and subsection (a)(7) prohibits repeated "electronic communications," and therefore, the harassment portion of the stalking statute does not implicate the First Amendment. The State argues that Johnston's argument that section 42.07(a)(7) implicates First Amendment is based on "non-mandatory, unpersuasive authority." The State also contends the additional elements of the stalking statute further avoid reaching constitutionally protected speech.

Before a statute will be invalidated on its face as overbroad, the overbreadth must be substantial when "'judged in relation to the statute's plainly legitimate sweep.'" *Ex parte Lo*, 424 S.W.3d at 18 (quoting *Virginia v. Hicks*, 539 U.S. 113, 118-19 (2003)). A statute should not be invalidated for overbreadth merely because it is possible to imagine some unconstitutional application. *See In re Shaw*, 204 S.W.3d 9, 15 (Tex. App.—Texarkana 2006, pet. ref'd) (citing *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984)). With respect to vagueness, statutes are not necessarily unconstitutionally vague merely because the words or terms employed in the statute are not specifically defined. *See Engelking*

12

*v. State*, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988). When a statute does not define the words used therein, we will give the words their plain meaning. *See Parker v. State*, 985 S.W.2d 460, 464 (Tex. Crim. App. 1999); *see also* Tex. Gov't Code Ann. § 311.011(a). ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.") A statute will be invalidated if it fails to give a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006).

In concluding section 42.07(a)(7) is not unconstitutionally overbroad, this Court rejected similar overbreadth arguments in *Grohn. See* 612 S.W.3d at 82-84. This Court found that *Scott* was applicable to the case, that the "communicative conduct" listed in section 42.07(a)(7) was "[a]lmost identical to the communicative restrictions in 42.07(a)(4)," and, under *Scott*, the provision is constitutional. *Id.* at 83. This Court also rejected the argument that the statute is overly broad because it includes the term "electronic communication," a broader form of communication than telephone communication. *Id.* at 83-84. We also declined to follow *Barton* and *Karenev*, the same cases Johnston cites in support of his arguments. *Id.* at 84. This Court noted that we do not invalidate a statute as overbroad merely because it is possible to image some unconstitutional applications, but instead must first determine if the statute reaches a substantial amount of constitutionally protected

13

speech. *Id*. We follow this Court's construction and precedent as outlined in *Grohn*. We conclude that Johnston has failed to establish that either section 42.07(a)(7) or section 42.072(a)(1) is unconstitutionally overbroad on its face. Issue two is overruled.

## Due Process

In his third issue, Johnston argues that, even if this Court finds section 42.072(a)(1) is constitutional, the indictment against Johnston violates the constitutional guarantees of due process set out in the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 10 and 19, and Article 5, Section 12(b), of the Texas Constitution. Specifically, Johnston argues that the indictment fails to give adequate notice of the criminal conduct charged because the indictment did not specify which electronic communications were used and on which occasions those communications caused S.E. to feel harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended. Also, Johnston contends that because the terms harass, annoy, alarm, abuse, torment, embarrass, and offend are listed in the disjunctive, it is impossible to know which feeling was caused and for Johnston to prepare his defense. According to Johnston, the indictment fails to list the manner and means of violating the statute and, therefore, he cannot determine which acts he can object to and request a limiting instruction for under Rule 404(b).

14

The State argues that pretrial habeas is generally not available to test the sufficiency of the charging instrument because the resolution on appeal requires development of the trial record, and that Johnston has an adequate remedy at law through direct appeal. In the alternative, the State argues that the indictment provides adequate notice by tracking the statutory language and specifying the manner and means by which Johnston committed the charged offense.

"Generally, pretrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (citations omitted). We agree with the State's contention that Johnston's challenge to the indictment is not a cognizable claim via habeas corpus and that he has an adequate remedy by direct appeal. *See id.*; *Ex parte Weise*, 55 S.W.3d at 619. Issue three is overruled.

Having overruled Appellant's three issues, we affirm the trial court's denial of Appellant's Application for Pretrial Writ of Habeas Corpus and/or Motion to Quash Amended Indictment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

15

Submitted on May 21, 2020
Opinion Delivered April 14, 2021
Do Not Publish


Before Golemon, C.J., Kreger and Johnson, JJ.